IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth R. Mitchell, <br> *aka Kenneth Ray Mitchell,* <br>                         Plaintiff, <br><br> vs. <br><br> Phillip Fredric Newsom; <br> William Fredric Pope Sr.; <br> Jason S. Craig, <br>                         Defendants. | C/A No. 3:11-0869-CMC-PJG <br><br> **REPORT AND RECOMMENDATION** |

      The plaintiff, Kenneth R. Mitchell, ("Plaintiff"), who is self-represented, files this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

      Plaintiff is a resident of Blythewood, South Carolina. Defendant Newsom is a magistrate in Richland County. Defendant Pope is a magistrate in Fairfield County. Defendant Craig is employed with the South Carolina Highway Patrol, whose address is 1626 Shop Road, Columbia, South Carolina 29201.

      In the "STATEMENT OF CLAIM" portion of the Complaint, Plaintiff indicates that the three Defendants "have ALL Different MATTERS" for him, but since they "Relate To each other[,]" he has filed them as one case. Plaintiff alleges that Magistrate Pope has stopped him (Plaintiff) from seeing his "mother in This Life." According to Plaintiff, Plaintiff's sister "has him PAYED OFF!" Plaintiff also alleges that Magistrate Pope has committed a

miscarriage of justice with respect to him. With respect to Defendant Craig, Plaintiff writes: "I was Lie [*sic*] upon by Mr. Craig Jason [*sic*] in A form [*sic*] where he has A Sworn Job to uphold."

In his prayer for relief, Plaintiff seeks a court order allowing him to see his mother without going to jail and damages. Plaintiff also requests that the three Defendants "get What the [*sic*] have comming [*sic*] in ALL format in Life."

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under

§ 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

PJG

## DISCUSSION

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399 (citing 2 Moore's Federal Practice § 8.03[3] (3d ed. 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the



allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. Id.

The Magistrate Court for Richland County and the Magistrate Court for Fairfield County are courts in the State of South Carolina's unified judicial system. See S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 376 S.E.2d 271, 272 (1989); Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett, 370 S.E.2d 872, 875-76 & n.1 (1988); Cort Indus. Corp. v. Swirl, Inc., 213 S.E.2d 445, 446 (1975). County magistrates and municipal court judges are judges in the State of South Carolina's unified judicial system. See, e.g., In re Woodham, 689 S.E.2d 605 (2010).

Since Plaintiff is complaining about actions taken by two South Carolina magistrates in their duties as judges in the State of South Carolina's unified judicial system, Magistrate Newsom and Magistrate Pope are immune from suit in the above-captioned civil rights action. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); see also Siegert v. Gilley, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"); accord Bolin v. Story, 225 F.3d 1234 (11th Cir.

2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

Information available on the Richland County Clerk of Court's website (www4.rcgov.us/publicindex/PICaseDetails.aspx) (last visited on April 14, 2011) indicates that, in Case No. E627442, Plaintiff has been charged with speeding more than 25 miles per hour over the speed limit. Case No. E627442 has not been concluded. The Public Index indicates that Plaintiff has requested a jury trial in Case No. E627442 and that the prosecuting officer is *James* Craig of "District #1 1626 Shop Road Columbia SC 29201[,]" which is a reference to the address of the South Carolina Highway Patrol.[1]

Insofar as Plaintiff is complaining about the testimony of Defendant Craig in connection with Case No. E627442, Defendant Craig is entitled to summary dismissal. In this judicial circuit, it is well settled that a witness in a state court proceeding cannot be sued under 42 U.S.C. § 1983 because a witness does not act under color of state law, which is a jurisdictional requirement for a § 1983 suit. Burke v. Miller, 580 F.2d 108, 109-10 & n.3 (4th Cir. 1978). Moreover, even if Defendant Craig is deemed to have acted under color of state law in his official capacity as an employee of the South Carolina

---

[1]This federal court may take judicial notice of factual information located in postings on governmental websites in the United States. See In Re Katrina Canal Breaches Consol. Litig., 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); Williams v. Long, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). The Public Index for the Richland County Clerk of Court indicates that Plaintiff has a criminal case pending in the Court of General Sessions for Richland County. See Case No. 2011-GS-40-00363, where Plaintiff was indicted on January 19, 2011, for assault and battery of a high and aggravated nature. It appears that Case No. 2011-GS-40-00363 is not related to matters raised by Plaintiff in the above-captioned case.



Highway Patrol, he has absolute immunity in an action for damages brought under 42 U.S.C. § 1983. See Briscoe v. LaHue, 460 U.S. 325, 327-46 (1983); Stokes v Moorman, Civil Action No. 9:10-1168-CMC-BM, 2010 WL 2347024 (D.S.C. May 14, 2010) (citing Lowman v. Town of Concord, No. 93-CV-0636E(F), 1995 WL 108224 (W.D.N.Y. March 7, 1995) (collecting cases)).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice. See 28 U.S.C. § 1915; see also Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").

*/s/ Paige J. Gossett*
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 6, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).